UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOANNE BABBITT          :
                     :
v.                    :   C.A. No. 16-0265-WES
                     :
NATIONAL INVESTMENTS, LTD.,    :
et al.                  :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

    Pending before the Court are Cross-Motions for Summary Judgment filed pursuant to Fed. R. Civ. P. 56 by Defendant National Investments, Ltd. and Subsidized Properties, II, LP ("Defendants") (ECF Doc. No. 21) and Plaintiff Joanne Babbitt. (ECF Doc. No. 26). This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). After reviewing the Memoranda submitted and relevant case law, I recommend that Defendants' Motion for Summary Judgment (ECF Doc. No. 21) be GRANTED and Plaintiff's Cross-Motion for Summary Judgment (ECF Doc. No. 26 ) be DENIED.

    **Background**

    The Complaint in this matter arises from Plaintiff's claim that Defendants violated the Federal Fair Housing Act and that Plaintiff suffered damages as a result thereof. The events giving rise to Plaintiff's claim are centered upon her interactions with a property manager at Evergreen Drive Apartments, a Section 8 Housing Complex located in East Providence, Rhode Island. At all times material to this action, Subsidized Properties, II, LP does business as Evergreen Drive Apartments. (ECF Doc. No. 23 at ¶ 25). At all times material to this action, Defendant, National Investments, Ltd., has been the Management Agent for Evergreen Drive Apartments. Id. ¶ 26. It is undisputed that

Plaintiff was never a tenant or resident of Evergreen Drive Apartments. She alleges that her daughter and granddaughter are "ex-tenants" and that her "young cousin" is a tenant at least as of the filing date of Plaintiff's Complaint. (ECF Doc. No. 1 at ¶¶ 3, 7, 8).

**Facts**

Local Rule Cv 56 requires a party moving for summary judgment to file a "Statement of Undisputed Facts that concisely sets forth all facts that the movant contends are undisputed...." See LR Cv 56(a)(1). Any fact alleged in the movant's Statement of Undisputed Facts is deemed admitted unless expressly denied or otherwise controverted by a party objecting to the Motion. LR Cv 56(a)(3). In addition, the objecting party shall file a Statement of Disputed and/or Undisputed Facts setting forth disputed facts and/or additional undisputed facts that the objecting party contends preclude summary judgment. Id. at (a)(3)-(4). These Local Rules carry the force of law and are binding upon the litigants and upon the court itself. Barber v. Verizon New England, Inc., No. Civ.A. 05–390–ML, 2006 WL 3524465 (D.R.I. Dec. 6, 2006) (quoting Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1st Cir.1994) (citations and footnote omitted)). Pursuant to LR Cv 56(a)(3), Defendants' Statement of Undisputed Facts (ECF Doc. No. 23) is deemed admitted because Plaintiff did not file any Objection to the Motion or any counter-statement of disputed facts as permitted under Local Rule Cv 56(a)(3). The following facts are gleaned from Defendants' Submission:

On November 26, 2013, the City of East Providence Police Department dispatched Officer Steven Tiernan to the Evergreen Drive Apartments Office (the "Office"), and he spoke with the Evergreen Site Manager, Cara Tedrow. (ECF Doc. No. 23 at ¶ 27). On November 29, 2013, Officer Tiernan advised Plaintiff that she was to refrain from entering the Office. Id. ¶ 28. On or about May 30, 2014, Defendants applied for a Temporary Restraining Order prohibiting Plaintiff from harassing Defendants' then-Management Agent, Cara Tedrow. Id. ¶ 29. A portion of the Temporary Restraining Order Application was an Affidavit of Ms. Tedrow. Id. ¶ 30. Ms. Tedrow's affidavit

provided, inter alia, that "[t]his Affidavit is made in support of [Evergreen's] Motion and action for a judgment, in favor of [ ] [Evergreen], for a temporary, preliminary and permanent injunction against [Ms. Babbitt] enjoining her presence at the Premises, her harassment of myself and other employees of National Investments, Ltd." Id. ¶ 31.

Following these interactions, the parties have sought relief in various forums, and they have lodged various grievances against one another. On or about November 24, 2014, Plaintiff filed a Charge of Discrimination against Defendants with the State of Rhode Island Commission for Human Rights (the "Commission"). Id. ¶ 1. Plaintiff alleged that Defendants violated the Rhode Island Fair Housing Practices Act. Id. ¶ 2. On December 1, 2014, the Commission administratively closed the matter with a finding of "[n]o jurisdiction." Id. ¶ 3.

On or about June 11, 2015, Plaintiff filed an additional Charge of Discrimination against Defendants with the Commission. The Commission assigned that Charge a number, RICHR #H15 HRA 697-03/03 (the "Second Matter"). Id. ¶ 4. In the Second Matter, Plaintiff alleged that Defendants violated the Rhode Island Fair Housing Practices Act and "Section 804a or f of Title VIII of the Civil Rights Act of 1968 (as amended)," or 42 U.S.C. § 3604(a) or (f). Id. ¶ 5. On or about June 29, 2015, Defendants moved the Commission to dismiss the Second Matter. Id. ¶ 7. On October 20, 2015, the Commission made a determination of "no probable cause" with respect to the Second Matter. Id. ¶ 12.

On June 15, 2015, Plaintiff commenced an action against Defendants in the State of Rhode Island Superior Court, Babbitt v. Nat'l Inv., Ltd, PC-2015-2542 (R.I. Super. Ct.) (the "State Court Action"). Id. ¶ 6. On July 28, 2015, Defendants filed and served a Motion in the State Court Action for Judgment on the Pleadings. The Superior Court denied the Motion for Judgment on the Pleadings on October 13, 2015. There have been no subsequent proceedings in connection with the State Court Action. Id. ¶ 9.

On June 13, 2016, Plaintiff filed the present Complaint. Id. ¶ 13. The Complaint was served upon Defendants on or about August 29, 2016. Id. ¶ 14. On September 6, 2016, Defendants filed and served their Answer and Affirmative Defenses to the Complaint. Id. ¶ 15. The parties have engaged in discovery.

**Summary Judgment Standard**

A party shall be entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and the nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains." Cadle, 116 F.3d at 960 (citing Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)). An issue of fact is 'genuine' if it "may reasonably be resolved in favor of either party." Id. (citing Maldonado-Denis, 23 F.3d at 581).

To oppose the motion successfully, the nonmoving party must present affirmative evidence to rebut the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-257 (1986). "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences,

[or] unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Moreover, the "evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve." Id. (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)). Therefore, to defeat a properly supported motion for summary judgment, the nonmoving party must establish a trialworthy issue by presenting "enough competent evidence to enable a finding favorable to the nonmoving party." Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993) (citing Anderson, 477 U.S. at 249).

Cross-motions for summary judgment "simply require [the court] to determine whether either of the parties deserves judgment as a matter of law on the facts that are not disputed." Barnes v. Fleet Nat'l Bank, N.A., 370 F.3d 164, 170 (1st Cir. 2004) (internal quotation marks and citation omitted). The legal standard for summary judgment is not changed when parties file cross-motions for summary judgment. Adria Int'l Group, Inc. v. Ferre Dev. Inc., 241 F.3d 103, 107 (1st Cir. 2001). "The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." Bienkowski v. Northeastern Univ., 285 F.3d 138, 140 (1st Cir. 2002) (internal quotation marks and citation omitted).

**Discussion**

**A.    Count I - 42 U.S.C. § 3617**

In Count I, Plaintiff asserts Defendants violated 42 U.S.C. § 3617, the federal Fair Housing Act ("FHA") which provides that it is unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of" rights protected under the FHA. Plaintiff alleges that Defendants first violated the FHA when she was "assisting" her daughter and cousin "with their fair housing rights" on November 26, 2013 and Defendants "put in a false and fabricated police complaint…" (ECF Doc. No. 1 at pp. 3-4). Plaintiff asserts that Defendants provided false information to the East Providence

Police that resulted in the issuance of a No Trespass Order which "ruined the life of the Plaintiff…." Id. A second alleged violation occurred when, "on May 30, 2014 [Defendants] had the audacity to break the law again and fabricate another false complaint" in the form of an Affidavit submitted in support of an "Emergency Restraining Order." Id. at p. 5.

Defendants have set forth two arguments supporting their Motion for Summary Judgment. First, they assert that even assuming, arguendo, these two incidents state a legally viable claim for violation of 42 U.S.C. § 3617, the Complaint in this case was not timely filed, and must be dismissed. Second, Defendants argue that Plaintiff's claims fail on their merits. Having thoroughly reviewed the parties' arguments and the facts supporting Plaintiff's claims, I find that the Plaintiff did not file her claim within the applicable statute of limitations, and I recommend it be dismissed as time-barred.

Under the FHA, a claim must be filed "not later than" two years after the "occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613. Plaintiff filed this FHA lawsuit on June 13, 2016. In discovery responses and in her Complaint, Plaintiff clearly states that the second and final "violation" of the FHA by Defendants was the May 30, 2014 submission of the Tedrow Affidavit in connection with their Application for a Restraining Order against Plaintiff.

Either because of her confusion about the State Court proceedings, or in an effort to breathe life into expired claims, Plaintiff argues the second alleged incident of discrimination "terminated" when "the Superior Court Justice found the Plaintiff innocent of any wrongdoing." (ECF Doc. No. 1 at ¶ 12). Plaintiff is referring to a Superior Court proceeding regarding Defendants' unsuccessful attempt to secure a Restraining Order against her. The Superior Court hearing on the Restraining Order apparently took place on June 13, 2014, exactly two years before she filed the present Complaint. (ECF Doc. No. 25-1 at p. 11). The Court rejects Plaintiff's argument that the Superior Court's decision on the Temporary Restraining Order "terminated" the alleged act of discrimination. The subsequent action of a third party, here the Superior Court, could not "terminate" the alleged May 30,

2014 violation, or act to toll or delay the commencement of the applicable limitations period. Plaintiff unambiguously identifies May 30, 2014 as the date of the second violation intended to interfere with the exercise of FHA rights. (ECF Doc. No. 1 at ¶11). Plaintiff either misunderstood the import of the Superior Court's action, or incorrectly construed the statute of limitations. Either way, as the Court has noted, "pro se status does not provide an independent basis for the Court to toll the statute of limitations. '[I]t is well established that ignorance of the law, even for a[ ] ... pro se [plaintiff], generally does not excuse prompt filing.'" Jacobowitz on behalf of MJ v. YMCA of Greater Providence Bayside YMCA Branch, No. CV 15-345S, 2016 WL 1259397, at *4 (D.R.I. Mar. 30, 2016) (quoting Correia v. Mass. Bay Commuter R.R., Civil Action No. 12-12048-DJC, 2013 WL 6383107 at *3 (D. Mass. Dec. 4, 2013)). Because I find that Plaintiff's FHA claims were not timely filed, I recommend that judgment be entered in Defendants' favor on Count I.

        **B.**        **Count II – Intentional Infliction of Emotional Distress**

I have recommended dismissal of Plaintiff's lone federal claim and therefore must also make a recommendation to the District Court as to whether or not supplemental jurisdiction over the remaining state law claims should be retained. 28 U.S.C. § 1367(c)(3). "Generally, dismissal of a plaintiff's federal claims at the early stages of a suit triggers dismissal of any supplemental state law claims. '[I]f the federal claims are dismissed before trial...the state claims should be dismissed as well.'" Flowers v. Fiore, 239 F. Supp. 2d 173, 179 (D.R.I. 2003) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)). The reason for the dismissal of the state law claims in a case such as this, is that the factors to be considered in the consideration of supplemental jurisdiction, "judicial economy, convenience, fairness, and comity – will all point toward declining to exercise jurisdiction over the remaining state-law claims." Id. (quoting Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir.1995)).

In this case, Plaintiff has presented no justification for departure from the general rule. In addition, declination of supplemental jurisdiction is supported by the fact that Plaintiff commenced a malicious prosecution/abuse of process suit against Defendants based on these same facts in Superior Court on June 15, 2015 which is still pending. (ECF Doc. Nos. 21-4 and 23 at ¶¶ 6, 9). As in Count II here, Plaintiff alleges in Superior Court that Defendants' actions were "extreme, outrageous and done intentionally as well as recklessly as to cause [her] severe mental stress." (ECF Doc. No. 21-4 at p. 5). In both cases, she seeks damages for "severe emotional stress." Id. The claims are duplicative and should be pursued in one action in Superior Court since they arise solely under state law. Id. Accordingly, I recommend that the District Court dismiss Count II without prejudice.

### C. Reasonable Attorneys' Fees

Finally, Defendants assert that they are entitled to recover their reasonable attorneys' fees under 42 U.S.C. § 3613(c)(2). In support thereof, Defendants assert that Plaintiff's claims were frivolous and baseless. (See ECF Doc. No. 22 at p. 14). Defendants cite Taylor v. Harbour Pointe Homeowners Ass'n, 690 F.3d 44, 50 (2nd Cir. 2012), in support of their argument. In that case, the Second Circuit Court of Appeals held that a prevailing defendant was entitled to collect attorneys' fees. The Court's reasoning in the Taylor case, however, does not support an award of fees in this case. "Although fees are regularly awarded to prevailing plaintiffs who obtain some significant measure of relief, they are not routinely awarded to prevailing defendants 'unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" Taylor, 690 F.3d at 50 (quoting Christiansburg Garment Co., 434 U.S. at 422)). "A fee award to a prevailing defendant is appropriate only when an action is 'unreasonable, frivolous, meritless or vexatious....'" Id. (citing Christiansburg Garment Co., 434 U.S. at 421)). In the present case, the Court found Plaintiff's claims to be untimely, and did not assess the merits. Despite the finding that her case was not filed in a timely manner, I do not find that it was pursued in bad faith, as I would be

required to do to award fees to Defendants. Accordingly, I recommend that the District Court DENY Defendants' Request for Attorneys' Fees.

**Conclusion**

For these reasons, I recommend that the District Court GRANT Defendants' Motion for Summary Judgment (ECF Doc. No. 21) and DENY Plaintiff's Cross-Motion for Summary Judgment. (ECF Doc. No. 26). I further recommend that the District Court enter Final Judgment in favor of Defendants dismissing Count I with prejudice and Count II without prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 14, 2017